IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| In re: | * | |
| DAVID MICHAEL MARESCA | * | Case No. 20-11483-KHK |
| | | Chapter 11 |
| Debtor. | * | |

\* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| BRIAN McCARTY | * | |
| Plaintiff, | * | Adv. Pro. No. |
| v. | * | |
| DAVID MICHAEL MARESCA | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

The Plaintiff, Brian McCarty (the "Plaintiff" or "Mr. McCarty"), by and through counsel, Bud Stephen Tayman P.A., files this Complaint To Determine Dischargeability Of Debt pursuant to the provisions of 11 U.S.C. §§523(a)(2)(A), 523(a)(4), 523(a)(6) and 1141(d)(2) and F. R. Bankr. P. 4007(a) and 7001(6)53 F.R. Bankr. P. 7001 and, for his reasons, states as follows:

**Background and Jurisdiction**

1. That the above-captioned case was instituted by the filing of a voluntary petition under Chapter 11 of title 11, United States Code on June 19, 2020. Since the filing of

Bud Stephen Tayman, Va. Bar No. 35818
Bud Stephen Tayman
13017 Wisteria Drive
Public Mail Box 325
Germantown, Maryland 20874
(301) 972-2306
btayman@taymanlaw.com
Attorney for Plaintiff, Brian McCarty

the case, the Debtor has remained in possession of his assets and has managed his financial affairs pursuant to 11 U.S.C. §§1107 and 1108.

2. This complaint initiates a core proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2)(I) over which this Court has jurisdiction pursuant to the provisions of 28 U.S.C. §1334. Venue is proper pursuant to the provisions of 28 U.S.C. §1409(a).

3. The Plaintiff consents to the entry of final judgment by the Bankruptcy Judge.

### Parties

4. The Plaintiff is a judgment creditor from a judgment entered on June 10, 2019 in by the United States Bankruptcy Court for the District of Maryland against the Defendant's former company, Synergy Law LLC ( "Synergy") and his former business partner, Scott Marinelli ("Marinelli"). The amount of the judgment is $15,320.00 (the "Judgment"). Copies of the Judgment and the Memorandum Of Findings Of Fact And Conclusions Of Law Regarding Synergy Law, LLC And Scott Marinelli, Esquire ("Memorandum Of Findings Of Fact And Conclusions Of Law") are attached hereto as Exhibits 1 and 2 respectively and are incorporated by reference herein.

5. The Defendant is the Debtor in this bankruptcy action. The Defendant was the ninety (90%) owner of Synergy. Marinelli, owned the remaining ten (10%) interest therein. Marinelli is not a party to this complaint.

### Statement of Facts

6. Mr. McCarty owns a home located at 15 N. Dundalk Avenue, Dundalk, Maryland 21222 (the "Property").

7. Mr. McCarty became delinquent on his mortgage due to an injury that he suffered in a car accident.

8. A foreclosure sale was originally scheduled on the Property for November 2017. Shortly before the foreclosure sale, Synergy e-mailed Mr. McCarty and said that they could assist him in obtaining a loan modification. Mr. McCarty signed a retainer agreement with Synergy.

9. On this retainer agreement, Synergy listed no attorneys that were barred in the State of Maryland.

10. Plaintiff and Synergy also established a fee arrangement where fees would come directly out of Mr. McCarty's bank account and go directly to Synergy. Mr. McCarty paid a total of $4,900.00 to Synergy for legal services.

11. The Synergy retainer also provided for possible future representation in a possible future Chapter 7, Chapter 11, Chapter 12 or Chapter 13 bankruptcy case. Again, no attorney was listed on the retainer was barred in United States Bankruptcy Court for the District of Maryland, which would have been the proper jurisdiction for any future bankruptcy case.

12. Despite the many efforts by Mr. McCarty, no work was done by Synergy to assist him in applying for a loan modification. Mr. McCarty contacted the Synergy office in Virginia on multiple occasions, but was unable to get any information on any work done by Synergy.

13. The Defendant, under oath at the Meeting of Creditors, testified that he was the ninety (90%) owner of Synergy and managed its day to day affairs.

14. A foreclosure sale was scheduled on the Property. Shortly before the foreclosure sale, Mr. McCarty was advised by Synergy to file a Chapter 13 bankruptcy. Synergy provided Mr. McCarty with a blank Petition and Schedule D. While on the phone with Mr. McCarty, Synergy's representative told Mr. McCarty how to complete the bankruptcy forms. Synergy also instructed Mr. McCarty to put a slash through the representation section of the bankruptcy forms.

15. After completing the forms, Mr. McCarty filed his first bankruptcy case, Case No.: 17-25177, in the United States Bankruptcy Court for the District of Maryland, Baltimore Division. Mr. McCarty also paid the filing fee of $310.

16. Synergy provided no additional information to Mr. McCarty on what to do after the bankruptcy was filed, and on January 4, 2018, this bankruptcy case was dismissed because not all the required documents and schedules were filed.

17. Mr. McCarty then tried to contact Synergy again after the bankruptcy was dismissed, but again was not given any information to assist him with this case.

18. Another foreclosure sale was scheduled on the Property, and Synergy again advised Mr. McCarty to file another Chapter 13 bankruptcy. Mr. McCarty then filed another bankruptcy case as instructed, Case No.: 18-11541 in the United States Bankruptcy Court for the District of Maryland, and paid the $310 filing fee again.

19. Synergy again provided no additional assistance to Mr. McCarty in connection with this Chapter 13 bankruptcy, and the case was again dismissed for failing to file the required documents on March 17, 2018. Mr. McCarty again tried after this to reach out to the Synergy office in Virginia for additional assistance, to no avail.

20. In April 2018, with another foreclosure sale fast approaching, Mr. McCarty retained William Steinwedel of the Maryland Legal Aid Bureau ("Mr. Steinwedel") who filed a third Chapter 13 bankruptcy case on April 23, 2018, Case No.: 18-15416 in the United States Bankruptcy Court for the District of Maryland (the "Plaintiffs bankruptcy case"), along with a Motion to Impose the Automatic Stay, due to the previous two failed bankruptcy cases. Mr. Steinwedel was able to get the bankruptcy stay reimposed, but the United States Bankruptcy Court for the District of Maryland imposed additional restrictions that would not have been in place if the first two cases had been prosecuted effectively.

21. On August 14, 2018, Mr. McCarty's Chapter 13 Plan was confirmed. He has never defaulted, remains in the Property and remains in the bankruptcy case to this day.

22. When Mr. McCarty informed the court of Synergy's actions at the Motion to Impose Stay hearing, he was referred to the United States Trustee's Office in Baltimore ( the "U.S. Trustee"). After Mr. McCarty provided evidence supporting the above facts, the U.S. Trustee on March 18, 2019 filed a Motion to Examine Debtor's Transactions with Attorney, to

Disgorge Fees, and for Injunctive Relief against Synergy and Marinelli in Plaintiff's Chapter 13 bankruptcy case.

23. Neither Synergy nor Marinelli ever filed an opposition to this Motion.

24. As a result of this Motion, on June 10, 2019, the United States Bankruptcy Court for the District of Maryland entered a judgment against Synergy and Scott in favor of Mr. McCarty in the amount of $15,320.00 (hereafter "the judgment").

25. Neither the US Trustee nor Mr. McCarty were aware of Defendant's role in Synergy at the time the judgment was entered.

26. Synergy filed a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the District of Columbia, Case No. 19-00555 and Mr. McCarty has filed a Proof of Claim in that case for the judgment. He has yet to collect any portion of the Judgment from either Synergy or Marinelli.

27. Bankruptcy Judge David E. Rice, of the United States Bankruptcy Court for the District of Maryland found facts and conclusions of law including, but not limited to, the following:

　　a. Neither Synergy nor Marinelli are licensed to practice law in the State of Maryland or before the United States Bankruptcy Court for the District of Maryland.

　　b. Synergy and Marinelli entered into an agreement to provide legal services to Mr. McCarty in the State of Maryland, including but not limited to providing services in connection with the filing of a bankruptcy case.

　　c. Synergy and Marinelli entered into an attorney-client relationship with Mr. McCarty.

　　d. In the Retainer Agreement, Synergy and Marinelli provided legal advice to Mr. McCarty.

　　e. Synergy and Marinelli agreed to act as Mr. McCarty's attorneys and represent him in connection with a bankruptcy case and were paid $4,900.00 for that representation.

28. At a point in time yet to be determined, the charter or equivalent authorization document for Synergy was revoked by the District of Columbia Government.

### Count I – Nondischargeability under 11 U.S.C. §523 (a)(2)(A)

29. The facts and conclusions of the court stated in Paragraphs 4-28 are incorporated into this section by reference.

30. Under 11 U.S.C. §523 (a)(2)(A), debts that result from money being taken from a creditor under false pretenses, a false representation or an actual fraud are not dischargeable.

31. Because Synergy and Marinelli took the Plaintiff's money under the false representation that they would be actually providing legal representation in regard to a loan modification and/or a bankruptcy, when they actually did not, this debt is not dischargeable, within the purview of 11 U.S.C. §523 (a)(2)(A).

32. In addition, this debt is not dischargeable and is the personal responsibility of the Defendant because he was the 90% owner and ran the day to day affairs of Synergy, and the corporate veil can be pierced to prevent a fraud or to enforce a paramount equity. *See Serio v. Baystate Props., LLC* 209 Md. App. 545, 559 (2013). In this case, the Plaintiff was promised legal services and none were provided, and the Plaintiff called the office that the Defendant managed on several occasions to get these services, and was rebuffed. Moreover, in his capacity of 90% owner of Synergy, the Defendant knew, or should be deemed to have known, that Synergy and Marinelli were operating in the manner in which they were operating. Therefore, the corporate veil should be pierced, the Defendant is personally liable for the debt and the debt should be deemed non-dischargeable in regard to him.

33. Alternatively, the Defendant should be deemed to be a general partner to Marinelli in light of the revocation of the charter or equivalent authorization document for Synergy by the District of Columbia Government, rendering the Defendant personally liable for the debt and the debt should be deemed non-dischargeable in regard to him.

### Count II – Nondischargeability under 11 U.S.C. §523(a)(4)

34. The facts and conclusions of the court stated in Paragraphs 4-28 are incorporated into this section by reference.

35. Both Synergy and Marinelli were in a fiduciary relationship with Mr. McCarty under applicable Maryland law as a result of the attorney client relationship as found by the United States Bankruptcy Court for the District of Maryland.

36. The conduct and business operations described herein on the part of Synergy and Marinelli constitute a clear fraud or defalcation on their part while acting in a fiduciary capacity in relation to Mr. McCarty, which results in the judgment based on such conduct as being nondischargeable pursuant to 11 U.S.C. §523(a)(4).

37. In addition, this debt is not dischargeable and is the personal responsibility of the Defendant because he was the 90% owner and ran the day to day affairs of Synergy, and the corporate veil can be pierced to prevent a fraud or to enforce a paramount equity. *See Serio v. Baystate Props., LLC* 209 Md. App. 545, 559 (2013). In this case, the Plaintiff was promised legal services and none were provided, and the Plaintiff called the office that the Defendant managed on several occasions to get these services, and was rebuffed. Moreover, in his capacity of 90% owner of Synergy, the Defendant knew, or should be deemed to have known, that Synergy and Marinelli were operating in the manner in which they were operating. Therefore, the corporate veil should be pierced, the Defendant is personally liable for the debt and the debt should be deemed non-dischargeable in regard to him.

38. Alternatively, the Defendant should be deemed to be a general partner to Marinelli in light of the revocation of the charter or equivalent authorization document for Synergy by the District of Columbia Government, rendering the Defendant personally liable for the debt and the debt should be deemed non-dischargeable in regard to him.

### Count III – Nondischargeability under 11 U.S.C. §523(a)(6)

39. The facts and conclusions of the court stated in Paragraphs 4-28 are incorporated by reference.

40. Under 11 U.S.C. §523 (a)(6), debts that result from a willful or malicious injury by the debtor to another entity or to the property of another entity are not dischargeable.

41. By Synergy and Marinelli collecting money from Mr. McCarty without providing the requisite legal services caused Mr. McCarty to expend further amounts for filing fees and resulted in extreme prejudice in regard to the automatic stay in the third bankruptcy case which, in turn, resulted in the mortgage lender being enabled to wield unreasonable leverage in lift stay negotiations, which negatively impact Mr. McCarty in the conduct of his present case, constituting willful and malicious injury to him as well as to his property rights, within the purview of 11 U.S.C. §523 (a)(6).

42. In addition, this debt is not dischargeable and is the personal responsibility of the Defendant because he was the 90% owner and ran the day to day affairs of Synergy, and the corporate veil can be pierced to prevent a fraud or to enforce a paramount equity. *See Serio v. Baystate Props., LLC* 209 Md. App. 545, 559 (2013). In this case, the Plaintiff was promised legal services and none were provided, and the Plaintiff called the office that the Defendant managed on several occasions to get these services, and was rebuffed. Moreover, in his capacity of 90% owner of Synergy, the Defendant knew, or should be deemed to have known, that Synergy and Marinelli were operating in the manner in which they were operating.   Therefore, the corporate veil should be pierced, the Defendant is personally liable for the debt and the debt should be deemed non-dischargeable in regard to him.

43. Alternatively, the Defendant should be deemed to be a general partner to Marinelli in light of the revocation of the charter or equivalent authorization document for Synergy by the District of Columbia Government, rendering the Defendant personally liable for the debt and the debt should be deemed non-dischargeable in regard to him.

WHEREFORE, the Plaintiff, Brian McCarty, respectfully prays:

1. That the Judgment entered on June 10, 2019 by the United States Bankruptcy Court for the District of Maryland against the Defendant's former company, Synergy Law LLC and his former business partner, Scott Marinelli, in the amount of $15,320.00 be found to be a debt of the Defendant;

2. That judgment be entered against the Defendant and Debtor, David Michael Maresca, and in favor of the Plaintiff, Brian McCarty, in the amount of $15,320.00 plus reasonable attorneys fees as applicable and costs of this proceeding;

3. That the judgment entered against the Defendant and Debtor, David Michael Maresca, and in favor of the Plaintiff, Brian McCarty, be determined to be nondischargeable in the above-captioned bankruptcy proceeding; and

4. That he be awarded such other and further relief as to this Court may seem just and proper.

Respectfully submitted,

BUD STEPHEN TAYMAN, P.A.

By: /s/ Bud Stephen Tayman
Bud Stephen Tayman
Va. Bar No. 35818
13017 Wisteria Drive
Public Mail Box 325
Germantown, Maryland 20874
(301) 972-2306
btayman@taymanlaw.com
Attorney for Brian McCarty