Case 20-11483-KHK Doc 48-2 Filed 09/21/20 Entered 09/21/20 23:31:20 Desc
Exhibit(s) 2: Memorandum Of Findings Of Fact And Conclusions Of Law    Page 1 of 17

Case 18-19416    Doc 54    Filed 06/10/19    Page 1 of 17
Entered: June 10th, 2019
Signed: June 10th, 2019

Exhibit 2

**DAVID E. RICE**
**U. S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re:<br><br>**BRIAN McCARTY,**<br><br>Debtor. | Case No. 18-15416-DER<br><br>(Chapter 13) |

## MEMORANDUM OF FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING SYNERGY LAW, LLC AND SCOTT MARINELLI, ESQUIRE

On April 24, 2019, the Court held a hearing on the United States Trustee's Motion to Examine Debtor's Transactions with Attorney, to Disgorge Fees, and for Injunctive Relief. Synergy Law, LLC ("Synergy") and Scott Marinelli ("Marinelli") were notified of the hearing on April 10, 2019. (*See* Doc. 43.) Neither Synergy nor Marinelli appeared at the hearing. Upon consideration of the evidence presented by the United States Trustee, the Court makes the following findings of fact and conclusions of law.

### JURISDICTION

The court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and Local Rule 402 of the United States District Court for the District of Maryland. This proceeding is a "core proceeding" under 28 U.S.C. § 157(b)(2). This memorandum constitutes the court's findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure (made applicable here by Rules 9014 and 7052 of

Case 20-11483-KHK  Doc 48-2  Filed 09/21/20  Entered 09/21/20 23:31:20  Desc
Exhibit(s) 2: Memorandum Of Findings Of Fact And Conclusions Of Law   Page 2 of 17

Case 18-19416  Doc 54  Filed 06/10/19  Page 2 of 17

the Federal Rules of Bankruptcy Procedure). To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such; and to the extent any conclusions of law constitute findings of fact, they are likewise so adopted.

## FINDINGS OF FACT

**A. McCarty and Synergy Enter in an Agreement for the Provision of Legal Services.**

The Debtor, Brian L. McCarty ("McCarty"), owns a home in Baltimore County, Maryland subject to a mortgage in favor of Wells Fargo Bank, N.A. ("Wells Fargo"). In 2016, McCarty suffered a back injury that temporarily prevented him from working. While out of work, McCarty fell behind on his mortgage payments and Wells Fargo initiated foreclosure proceedings. A foreclosure sale was scheduled for early November 2017.

Shortly before the foreclosure sale, Synergy e-mailed McCarty that it could help save his house and assist in modifying his mortgage loan. McCarty agreed to retain Synergy. McCarty and Synergy then executed a lengthy and detailed "Engagement Agreement for Legal Representation" (the "Retainer Agreement").[1]

The Retainer Agreement is on letterhead that contains on the top line of the first page and in larger font than the rest of the agreement: "SYNERGY LAW LLC Attorneys at Law." (*See* Ex. 2 at 1.) The upper left-hand corner of the first page contains a depiction of the blindfolded Lady Justice, and the upper right hand corner contains a depiction of the scales of justice. The first paragraph of the Retainer Agreement's body provides, "[w]e are pleased that you have chosen Synergy Law, LLC to represent you in connection with your legal matters .... [y]ou have asked our

---

[1] The Retainer Agreement was admitted into evidence as Exhibit 2.

2

firm, in conjunction with Scott Marinelli, Esq., to act as your attorney and this document sets forth the agreement regarding our representation." (*See* Ex. 2 at 1.)

The Retainer Agreement describes Synergy's services to McCarty as "legal services," "legal representation," and "attorney services." (*See* Ex. 2 at 1.) The Retainer Agreement provides that these services will be furnished through Synergy's "locally licensed Of Counsel Network." (*See* Ex. 2 at 1.) Billing rates are set out for "Scott M. Marinelli, Esq." at $325.00 an hour, and for "Of Counsel Attorneys" at $225.00 an hour. (*See* Ex. 2 at 2.) The Retainer Agreement then contains a three page listing of its various attorneys along with their state of admission. Marinelli is identified as being admitted in the District of Columbia and the State of New Jersey. (*See* Ex. 2 at 4, 6.) Notably, there are no attorneys on the list identified as admitted in the State of Maryland. (*See* Ex. 2 at 4-6.)

According to Synergy, the "legal work" it provides under the Retainer Agreement consists of four phases, the last of which includes evaluating the matter for "the potential need to make an application for bankruptcy protection." (*See* Ex. 2 at 21.) Pages 22-30 of the Retainer Agreement provide information and advice regarding bankruptcy law. Page 22 quotes language from the Bankruptcy Code comprising the required notifications of 11 U.S.C. § 527(b). Pages 27 through 30 are a reproduction of Official Bankruptcy Form 2010. (*See* Ex. 2 at 27-30, *and compare with*, Official Bankruptcy Form 2010.) Pages 23-26 provide descriptions of Chapter 7, Chapter 13, Chapter 11, and Chapter 12 bankruptcies. According to the Retainer Agreement, bankruptcy may make it possible for a person to:

- Discharge liability for most or all of his or her debts;

- Stop foreclosure actions and provide an opportunity to catch up on missed payments;

3

Case 20-11483-KHK Doc 48-2 Filed 09/21/20 Entered 09/21/20 23:31:20 Desc
Exhibit(s) 2: Memorandum Of Findings Of Fact And Conclusions Of Law    Page 4 of 17

Case 18-19416    Doc 54    Filed 06/10/19    Page 4 of 17

- Prevent repossession of a car or force the creditor to return the car after repossession;

- Stop wage garnishments; and

- Lower the monthly payments and interest rates on debts.

(*See* Ex. 2 at 24.) With respect to discharge of debts, the Retainer Agreement provides that "[w]hen the debt is discharged, the debtor has no further legal obligation to pay the debt." (*See* Ex. 2 at 24.)

Based upon the foregoing, the Court further finds the following facts:

- Neither Synergy nor Marinelli are licensed to practice law in the State of Maryland or before the United States Bankruptcy Court for the District of Maryland.

- Synergy and Marinelli entered into an agreement to provide legal services to McCarty in the State of Maryland, including but not limited to services in connection with the filing of a bankruptcy case.

- Synergy and Marinelli entered into an attorney-client relationship with McCarty.

- In the Retainer Agreement, Synergy and Marinelli provided legal advice to McCarty.

**B.    Synergy and Marinelli Advised McCarty to Incur Debt to Pay Attorneys' Fees in Connection With the Filing of a Bankruptcy Case.**

Page 31 of the Retainer Agreement is a "Client Credit Card Authorization Form." It explains that "[i]n an effort to better serve our clients and simplify our billing experience, our firm offers credit card acceptance for your convenience." (*See* Ex. 2 at 31.) This page contains an option for the client to pay by one of four types of cards: VISA, Discover, MasterCard, or American Express. (*See* Ex. 2 at 31.) Page 32 is a "Recurring Payment Authorization." Together, these two pages purport to permit Synergy to charge McCarty's VISA card $1,100 on November 3, 2017, and an additional $700 on the 3rd day of each month thereafter. (*See* Ex. 2 at 31-32.) Synergy charged McCarty's VISA card $1,100 on November 6, 2017, $700 in

4

December 2017, January 2018, and February 2018, and $850 in March 2018 and April 2018, for a total of $4,900. (*See* Ex. 10 at 1, 3, 4, 6, 9.)

Based upon the foregoing, the Court further finds the following facts:

- Synergy and Marinelli advised McCarty to incur debt to pay an attorney or bankruptcy petition preparer (as that term is defined in the Bankruptcy Code) a fee or charge for services performed as part of or preparing for or representing a debtor in a bankruptcy case.

### C. Synergy Advises McCarty to File Two Bankruptcy Cases.

Despite his execution of the Retainer Agreement and his payments of the fees it required, McCarty heard nothing about a modification of his mortgage or any resolution of the foreclosure. He called Synergy several times but could not get any information.

Shortly before the scheduled foreclosure sale, a representative of Synergy advised McCarty to file a Chapter 13 bankruptcy case. Synergy provided McCarty with a blank Petition and Schedule D. While on the phone with McCarty, Synergy's representative told McCarty how to complete these forms and what to put in each blank. Synergy's representative told McCarty to draw a slash through the portion of the Petition identifying any attorney representing McCarty. (*See* Ex. 3 at 7.)

After completing the forms, McCarty signed the forms and filed them with this court, thereby initiating Case No. 17-25177. McCarty paid the filing fee of $310 in cash. Synergy did not inform McCarty that any additional documents needed to be filed with the court, that he would be required to attend a meeting of creditors, or that he would be required to attend any court hearings. Synergy's failure to inform McCarty of the need to file additional documents was intentional or, at the very least, negligent. On January 4, 2018, the court dismissed McCarty's case because a number of required documents were never filed, including a Chapter 13 Plan,

5

Schedules other than Schedule D, and a Statement of Financial Affairs. Shortly after the dismissal, Wells Fargo reinstated foreclosure proceedings.

McCarty attempted to address this dismissal and subsequent resumption of the foreclosure proceedings with Synergy on several occasions but again got only a runaround. As the new foreclosure sale approached, Synergy advised McCarty to file a second Chapter 13 case. This time, Synergy did not provide McCarty with any forms. Instead, McCarty re-completed the same forms submitted in his prior case to the best of his ability. McCarty then filed this second petition with this court, thereby initiating Case No. 18-11541. McCarty again paid the full filing fee of $310.

Synergy again failed to advise McCarty that additional documents would be necessary or that he would be required to attend a meeting of creditors or any court hearings. Synergy's failure was intentional or, at the very least, negligent. On March 17, 2018, the court dismissed this second case, again because a number of required documents were missing, including a Chapter 13 Plan, Schedules other than Schedule D, and a Statement of Financial Affairs.

### D. Because of Synergy's Inaction, McCarty Obtains New Legal Representation.

McCarty attempted to contact Synergy regarding the second dismissal, but Synergy refused to take his calls or respond to his e-mails. McCarty therefore sought assistance from the Legal Aid Bureau, Inc. ("Maryland Legal Aid"), a private, non-profit law firm providing free legal services to low-income people in Maryland. Maryland Legal Aid provided McCarty with an attorney who prepared and filed this case, a third Chapter 13 case, on McCarty's behalf. Maryland Legal Aid provided actual and competent representation to McCarty, and McCarty has now confirmed a Chapter 13 Plan. However, because of the prior two dismissals, the filing did

not impose an automatic stay preventing the foreclosure sale from going forward. Thus, McCarty, through Maryland Legal Aid, had to file a motion to impose a stay pursuant to 11 U.S.C. § 362(c)(4). (*See* Doc. 9.) Wells Fargo consented to the imposition of a stay, but only subject to additional limitations beyond what would ordinarily exist under 11 U.S.C. § 362. After an evidentiary hearing, the court imposed a full stay as to creditors other than Wells Fargo and a more limited stay as to Wells Fargo pursuant to a consent order negotiated between McCarty and Wells Fargo. (*See* Docs. 21, 33.)

### E.    McCarty's Case is Not an Isolated Incident.

A few weeks before McCarty filed this case, debtor Armando A. Greene ("Greene") filed a Chapter 13 case in the Greenbelt Division of this court. That case, No. 18-14330, proceeded before the Honorable Thomas J. Catliota. The Petition in Greene's case indicated that "Scott Marinelli" of "Synergy Law LLC" represented Greene and included a disclosure of compensation, also purportedly signed by Marinelli and Synergy Law. (*See* Exs. 12, 13.) Judge Catliota reviewed the court's records of attorney registrations, which indicated Marinelli was not admitted to practice in this Court. As a result, Judge Catliota issued an order directing Marinelli to show cause why he should not be sanctioned for the unauthorized practice of law. (*See* Ex. 13.) When Marinelli failed to respond, Judge Catliota ordered him to refund Greene's fees and appear at a hearing. (*See* Ex. 14.) When Marinelli failed to appear at the hearing or certify he had made the required refund, Judge Catliota held Marinelli in contempt. (*See* Exs. 15, 16.)

In response to the contempt order, Marinelli filed an affidavit with the court conceding that Synergy had provided Greene with the forms to file his bankruptcy. Despite the indication in the Retainer Agreement that Synergy has no attorneys licensed to practice in Maryland, Marinelli

7

stated, "what Greene provided to the Court was to be submitted by a local attorney per normal internal procedure." (*See* Ex. 17 at 2, ¶ 4.) Marinelli then stated that Greene delivered those documents to the Court as a "Pro Se filing." (*See* Ex. 17 at 2, ¶ 5.) Marinelli then argued he did not practice law in Maryland because Greene, not he, filed the documents. (*See* Ex. 17 at 3, ¶ 1.)

Two days after Greene filed his case in Maryland, the Honorable Janice Karlin of the United States Bankruptcy Court for the District of Kansas entered a consent order resolving a dispute between Synergy and the United States Trustee. Under that consent order, Synergy agreed that neither it nor any related entity would "act as a debt relief agency or provide debt relief services, as defined by the Bankruptcy Code, to any individual that could file a bankruptcy case in the District of Kansas, until they have an attorney licensed to practice law in Kansas ...." (*See* Ex. 19.) Synergy also agreed to an injunction "against any further violations of 11 U.S.C. §§ 526, 527, and 528 ...." (*See* Ex. 19.)

In addition and as indicated in the Post-Trial Submission filed by the United States Trustee, the Honorable John E. Waites of the United States Bankruptcy Court for the District of South Carolina entered an order on May 20, 2019 that sanctioned Synergy pursuant to 11 U.S.C. § 110 and enjoined Synergy from "appearing in or assisting with any potential or existing bankruptcy case in the District of South Carolina until further order of the Court." Synergy's conduct in question before Judge Waites related to a case filed on January 8, 2019. (*See* Doc. 51)

## CONCLUSIONS OF LAW

### A. Synergy and Marinelli Violated Both § 329 and Rule 2016(b) and Shall Disgorge all Fees They Received from McCarty.

Section 329(b) of the Bankruptcy Code allows the court to review and adjust the compensation of a debtor's attorney if "such compensation exceeds the reasonable value of any

8

such services." 11 U.S.C. § 329(b). This section imposes on the court an "obligation to review debtor's counsel's fees and order the return of compensation found to be excessive." *In re Tanamor*, Case No. 10-25530-TJC, 2013 WL 3938978 at *4 (Bankr. D. Md., July 31, 2013). In order to fulfill that obligation, the court must be apprised of all compensation received. Thus, § 329(a) requires attorneys representing a debtor to "file with the court a statement of compensation paid or agreed to be paid ... for services rendered or to be rendered in contemplation of or in connection with the case ...." 11 U.S.C. § 329(a); *In re Gay*, 390 B.R. 562, 570 (Bankr. D. Md. 2008) ("Section 329(a) lays down an inflexible rule of disclosure with respect to payments made to attorneys representing debtors for services rendered, or to be rendered, in connection with the case").[2]

Bankruptcy Rule 2016(b) elaborates upon the § 329(a) disclosure requirement. It requires debtor's counsel to make the disclosures by filing a statement either within 14 days of the order for relief or, for payments made after the order for relief, within 14 days of the date of the payment. Fed. R. Bankr. P. 2016(b).

While neither § 329 nor Rule 2016 provide an express penalty for failure to comply with the disclosure requirement, they impose upon attorneys an independent responsibility to make the requisite disclosures. *Gay*, 390 B.R. at 570. Thus, failure to disclose is a sanctionable violation, even if proper disclosure would have demonstrated that the attorney did not violate any other provision of the Bankruptcy Code or Rules. *Id.* That sanction can include full disgorgement. *In re Downs*, 103 F.3d 472, 477 (6th Cir. 1996); *In re Howard Ave. Station, LLC*, 568 B.R. 146,

---

[2] The § 329(a) disclosure requirement is limited to agreements and payments made less than a year prior to or after the filing of the bankruptcy case. Because all of McCarty's payments to Synergy fall within that time period, the limitation is not relevant here.

152 & n.28 (Bankr. M.D. Fla. 2017); *see also Gay*, 390 B.R. at 576 n. 19 (finding full disgorgement for non-disclosure unwarranted there only because the plan proposed to pay all creditors in full and, thus, the failure of disclosure did not harm the estate).

Synergy and Marinelli agreed to act as McCarty's attorneys and represent him in connection with a bankruptcy case. They were paid $4,900 in fees for that. Because they violated § 329(a) and Rule 2016(b), Synergy and Marinelli shall disgorge that entire $4,900 to McCarty.[3]

Section 329 also provides that if the attorney's compensation exceeds the reasonable value of the services provided, the court may "order the return of any such payment, to the extent excessive ...." 11 U.S.C. § 329(b). Here, Synergy's and Marinelli's services provided no value to McCarty. To the contrary, those "services" harmed McCarty by precluding the imposition of an automatic stay in McCarty's current case, by putting him at risk of losing his home during the unprotected period, and by requiring affirmative action by Maryland Legal Aid to impose a stay.

The lack of any value of the services provided by Synergy and Marinelli provide another independent reason that they must disgorge the entire $4,900 received from McCarty.

### B. Synergy and Marinelli Violated 11 U.S.C. § 110 and are Liable for Damages, Disgorgement, Fines, and Attorneys' Fees.

Section 110(a)(1) of the Bankruptcy Code defines a "bankruptcy petition preparer" as "a person, other than an attorney for the debtor or an employee of such attorney under the direct

---

[3] Because Synergy and Marinelli are not licensed to practice law before this Court, they arguably do not meet the definition of an "attorney" set forth in 11 U.S.C. § 101(4). Courts have held that the § 329 disclosure requirements apply to non-attorneys if they are in fact providing legal services. *Goudie v. Morrow (In re Telford)*, 36 B.R. 92, 93-94 (BAP 9th Cir. 1984); *In re Campanella*, 207 B.R. 435, 443 (Bankr. E.D. Pa. 1997); *In re Webster*, 120 B.R. 111, 114 (Bankr. E.D. Wis. 1990).

10

Case 20-11483-KHK  Doc 48-2  Filed 09/21/20  Entered 09/21/20 23:31:20  Desc
Exhibit(s) 2: Memorandum Of Findings Of Fact And Conclusions Of Law  Page 11 of 17

Case 18-15416  Doc 54  Filed 06/10/19  Page 11 of 17

supervision of such attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). Section 101(4) defines an attorney as an "attorney, professional law association, corporation or partnership, authorized under applicable law to practice law." 11 U.S.C. § 101(4).

By providing McCarty with a bankruptcy Petition and Schedule D, and instructing him on how to complete those documents to file the first case, Synergy and Marinelli "prepare[d] for compensation a document for filing." Because Synergy and Marinelli are not authorized to practice law in this District, in so doing they became bankruptcy petition preparers.

Section 110(e)(2) of the Bankruptcy Code provides that a bankruptcy petition preparer may not offer a potential debtor any legal advice. 11 U.S.C. § 110(e)(2)(A). Such prohibited advice includes whether to file a bankruptcy petition, which chapter of the Bankruptcy Code is appropriate, whether debts will be discharged, or whether the debtor will be able to retain his or her home, car or other property after commencing a bankruptcy case. 11 U.S.C. § 110(e)(2)(B).

Synergy and Marinelli provided legal advice of each of the kinds just described. They advised McCarty to file two bankruptcy cases. They advised McCarty to file both cases under Chapter 13. They advised McCarty about which debts would be discharged. (*See* Ex. 2 at 29.) They advised McCarty regarding whether he would be able to retain his home, car, or other property. (*See* Ex. 2 at 28.)

Because Synergy and Marinelli violated § 110(e), the court is required to award McCarty (a) his actual damages, (b) the greater of $2,000 or double the amount he paid Synergy and Marinelli, and (c) reasonable attorney's fees in moving for damages under this subsection. 11 U.S.C. § 110(i)(1). Thus, Synergy and Marinelli must pay McCarty $10,420, comprised of actual damages of $620 (consisting of two filing fees of $310 each) and $9,800 as double the

11

amount McCarty paid to Synergy and Marinelli. Additionally, Synergy and Marinelli must pay McCarty any reasonable attorneys' fees incurred in connection with the prosecution of the United States Trustee's Motion and attorneys' fees incurred by Maryland Legal Aid involved with moving to impose the automatic stay, which would not have been necessary absent Synergy and Marinelli's actions.[4]  The amount of those attorneys' fees shall be set forth in a subsequent order.

The Bankruptcy Code also permits the court to impose a fine of up to $500 for each violation of § 110. 11 U.S.C. § 110(*l*)(1). In this case, the court will impose a fine of $500 on Synergy and Marinelli. The court is required to triple that fine in any case in which the bankruptcy petition preparer "prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer." 11 U.S.C. § 110(*l*)(2)(D). Because Synergy and Marinelli prepared the documents in McCarty's first case in a manner that failed to disclose their identity, and in the first case even took affirmative steps to conceal their identity, the court is required to triple the fine to $1,500. *Id.* Synergy and Marinelli shall pay this fine to the United States Trustee. 11 U.S.C. § 110(*l*)(4)(A).

### C. Synergy Violated § 526.

Synergy also violated §§ 526(a)(1), (a)(3), and (a)(4) of the Bankruptcy Code. Section 526(a) regulates the actions of a "debt relief agency." 11 U.S.C. § 526. A "debt relief agency" is "any person who provides any bankruptcy assistance to an assisted person in return for the payment of money ... or who is a bankruptcy petition preparer under section 110." 11 U.S.C.

---

[4] Although McCarty did not pay fees to Maryland Legal Aid because he was represented on a pro bono basis, the court may nonetheless award Maryland Legal Aid reimbursement for the time and effort expended by their attorneys. *See Baxter v. Summerfield Inc. Group, LLC (In re Baxter),* 2015 Bankr. LEXIS 3492, *23 (Bankr. D. Md. 2015) (citing *Blum v. Stenson*, 465 U.S. 886, 896 (1984)). The Debtor thus incurred actual damages in having to seek to impose the automatic stay that are compensable under 11 U.S.C. § 110(i)(1)(a).

12

§ 101(12A). An assisted person is a person whose debts consist primarily of consumer debts and whose non-exempt assets are less than $192,450. 11 U.S.C. § 101(3). "Bankruptcy assistance" includes any services "provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation ... or providing legal representation with respect to a [bankruptcy case]." 11 U.S.C. § 101(4A). McCarty is an "assisted person." (*See* Doc. 1 at 11, 17.) Synergy is a "debt relief agency" that provided McCarty "bankruptcy assistance."[5]

Section 526(a)(1) prohibits Synergy from failing to provide McCarty any service Synergy promised to provide. 11 U.S.C. § 526(a)(1). In exchange for payment, Synergy promised to provide legal services relating to obtaining a loan modification and the filing of a bankruptcy case. Synergy also promised to provide those services through a local attorney admitted to practice in the relevant courts. Synergy failed to provide those services.

Section 526(a)(3) prohibits Synergy from misrepresenting, affirmatively or by omission, the services it would provide to McCarty. 11 U.S.C. § 526(a)(3). Synergy represented to McCarty that it would provide legal services relating to obtaining a loan modification and would provide legal representation in connection with a bankruptcy filing. Those representations were false. Synergy further represented that it would provide those legal services through an attorney licensed to practice law in the State of Maryland and before this court, despite not having any such attorneys in its "Of Counsel" network.

Section 526(a)(4) prohibits Synergy from advising McCarty to incur debt to pay an attorney

---

[5] Section 526 does not appear to govern Marinelli because the definition of "debt relief agency" excludes any person who is an officer, director, employee or agent of the debt relief agency. 11 U.S.C. § 101(12A)(A).

13

Case 20-11483-KHK Doc 48-2 Filed 09/21/20 Entered 09/21/20 23:31:20 Desc
Exhibit(s) 2: Memorandum Of Findings Of Fact And Conclusions Of Law   Page 14 of 17

Case 18-15416   Doc 54   Filed 06/10/19   Page 14 of 17

or bankruptcy petition preparer fees for services performed as part of preparing for or representing a him in a bankruptcy case. 11 U.S.C. § 526(a)(4); *see also Cadwell v. Kaufman, Englett & Lynd, PLLC,* 886 F.3d 1153, 1159 (11th Cir. 2018) (interpreting 11 U.S.C. 526(a)(4)). By advising McCarty to pay Synergy's fees on a credit card, Synergy advised McCarty to incur debt to pay attorneys' fees and petition preparer's fees in violation of 11 U.S.C. § 526(a)(4). *Cadwell*, 886 F.3d at 1160 (an allegation that an attorney advised a debtor to pay his or her fees for bankruptcy representation on a credit card alleges a violation of 11 U.S.C. § 526(a)(4)).[6]

> **D.    Pursuant to § 526(c)(2)(B), Synergy Shall Disgorge its Fees, Pay Actual Damages, Attorneys' Fees, and a Civil Penalty, and Shall Be Enjoined From Further Violations of § 526.**

Section 526(c)(2)(B) provides that a debt relief agency that provides assistance to an assisted person in a bankruptcy case that is dismissed because of the debt relief agency's intentional or negligent failure to file any required document, including those specified in § 521, shall be liable to the assisted person for the following:

- The amount of fees the debt relief agency received;

- Actual damages; and

- Reasonable attorneys' fees.

11 U.S.C. § 526(c)(2)(B). The court dismissed two of McCarty's bankruptcy cases because of Synergy's intentional, or at the very least negligent, failure to file required documents. Thus, Synergy is liable to McCarty for $4,900 as the fees it received from McCarty and $620 in actual

---

[6] The fact that McCarty used a debit card rather than a credit card to pay the fees is inconsequential. The violation of **§** 526(a)(4) occurs when the debt relief agency advises the assisted person to pay by credit card. *Cadwell*, 886 F.2d at 1160 n.3.

14

Case 20-11483-KHK Doc 48-2 Filed 09/21/20 Entered 09/21/20 23:31:20 Desc
Exhibit(s) 2: Memorandum Of Findings Of Fact And Conclusions Of Law Page 15 of 17

Case 18-15416 Doc 54 Filed 06/10/19 Page 15 of 17

damages consisting of two filing fees McCarty paid. Additionally, as discussed above Synergy is liable to McCarty for the reasonable attorneys' fees incurred by Legal Aid involved with moving to impose the automatic stay, which would not have been necessary absent Synergy's actions. The amount of those fees shall be determined in a subsequent order.

Section 526(c)(5) of the Bankruptcy Code provides that where the court finds that a person intentionally violated this section or has "engaged in a clear and consistent pattern or practice of violating this section," the court may enjoin the violation of such section or impose an appropriate civil penalty against such person. As demonstrated by the Greene case in Greenbelt, the Vega case in Kansas, and the Weathers case in South Carolina, Synergy has "engaged in a clear and consistent pattern or practice of violating" § 526. For that reason, Synergy will be enjoined from further violating § 526.

### E. The Final Tally.

1. Synergy and Marinelli are jointly and severally liable to McCarty in the amount of, and shall pay to McCarty, $15,320, comprised of:

   a. $4,900 constituting full disgorgement of the fees paid to them by McCarty (*See* 11 U.S.C. §§ 329 (applicable to both Synergy and Marinelli), 526(c)(2)(B) (applicable to Synergy only));

   b. $620 constituting actual damages made up of two filing fees of $310 each (*See* 11 U.S.C. §§ 110(i)(1)(applicable to both Synergy and Marinelli), 526(c)(2)(B) (applicable to Synergy only)); and

   c. $9,800 constituting double the amount Synergy and Marinelli received from McCarty (*See* 11 U.S.C. § 110(i)(1)).

2. Synergy is further individually liable to, and shall pay to, McCarty $1,500, comprised of a civil penalty under 11 U.S.C. § 526(c)(2).

3. Synergy shall be individually liable for fees reasonably incurred by Maryland Legal

15

Case 20-11483-KHK Doc 48-2 Filed 09/21/20 Entered 09/21/20 23:31:20 Desc
Exhibit(s) 2: Memorandum Of Findings Of Fact And Conclusions Of Law    Page 16 of 17

Case 18-15416    Doc 54    Filed 06/10/19    Page 16 of 17

Aid in connection with the above-captioned case with respect to seeking to impose the automatic stay. *See* 11 U.S.C. § 526(c)(2)(B). The specific amount of those fees shall be set forth in a subsequent order. Marinelli shall be jointly and severally liable together with Synergy for the portion of those fees incurred in connection with seeking damages under § 110 of the Bankruptcy Code and with respect to seeking to impose the automatic stay. *See* 11 U.S.C. § 110(i)(1)(A) & (C). The specific amount of those fees shall be set forth in a subsequent order.

   4. Synergy and Marinelli are jointly and severally liable to the United States Trustee for $1,500 comprised of a fine of $500 tripled. *See* 11 U.S.C. § 110(*l*).

   5. Synergy is enjoined from further violating 11 U.S.C. § 526.

**F. Separate Order.**

The relief enumerated herein shall be granted by separate order entered contemporaneously herewith.


cc: Nancy Spencer Grigsby
   185 Admiral Cochrane Drive
   Suite 240 Annapolis, Maryland 21401

   Scott M. Marinelli, Esq.
   Synergy Law, LLC
   1101 Connecticut Ave., NW, Suite 450
   Washington, DC 20036

   Synergy Law, LLC
   Attn: David Marasca, President
   1101 Connecticut Ave., NW, Suite 450
   Washington, DC 20036

Synergy Law, LLC
c/o United States Corporation Agents, Inc.
700 12th St., NW, Suite 700
Washington, DC 20036

Office of the United States Trustee
101 W. Lombard Street, Suite 2625
Baltimore, Maryland 21201

Brian McCarty
15 N. Dundalk Avenue
Baltimore, Maryland 21222

William F. Steinwedel
500 E. Lexington Street
Baltimore, Maryland 21202

**~End of Memoranda~**