THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| In re: | ) |
| | ) Bankruptcy Case |
| DAVID MICHAEL MARESCA, | ) No. 20-11483-KHK |
| | ) Chapter 7 |
| Debtor. | ) |

**CHAPTER 7 TRUSTEE'S RESPONSE TO THE DEBTOR'S AMENDED MOTION FOR RECONSIDERATION OF ORDER CONVERTING CHAPTER 11 CASE TO CHAPTER 7 PURSUANT TO RULE 59(e) OR MOTION TO RECONVERT CHAPTER 7 CASE TO CHAPTER 11 PURSUANT TO 11 U.S.C. § 706(a), (b)**

Comes now, H. Jason Gold, the Chapter 7 Trustee ("Trustee") in the above captioned matter and files this Response to the Debtor's Amended Motion for Reconsideration of Order Converting Chapter 11 Case to Chapter 7 Pursuant to Rule 59(e) or Motion to Reconvert Chapter 7 Case to Chapter 11 Pursuant to 11 U.S.C. § 706(a), (b) ("Motion to Reconsider") (Doc No. 114) and states to the Court as follows:

1. The standard for reconsideration is strict – a court may amend a judgment for three reasons: (i) to accommodate an intervening change in controlling law, (ii) to account for new evidence not available at trial, or (iii) to correct a clear error of law or prevent manifest injustice. *See E.E.O.C. v. Lockheed Martin Corp.*, 116 F3d 110, 112 (4th Cir. 1997) *citing Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). None of the arguments raised in the Motion to Reconsider reach these high standards. There has been no change in controlling law, all evidence was available at trial even if the Debtor chose not to present certain evidence, and the conversion of this case not an injustice, much less a manifest injustice. Similarly, reconversion (even if possible despite the plain language of § 706(a)) is not appropriate in this

---

H. Jason Gold, Va. Bar No. 19117
Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
(202) 689-2800
Counsel to the Chapter 7 Trustee

instance. The administration of this case by the Trustee, including the sale of the Property (hereafter defined) will result in the better outcome for creditors in this case. In addition, the Trustee joins and adopts the arguments raised by the Office of the United States Trustee in its Opposition to the Motion to Reconsider (Doc. No. 125) and provides this further response to advise the Court of the status of his preliminary investigation of the assets and liabilities of the Debtor.

2. The Debtor's schedules reveal more than $1 million in general unsecured claims, including numerous sanctions awards and judgments entered by various courts. The largest judgment is in favor of the United States Trustee in an amount of not less than $220,500.00. These judgments and sanctions awards appear to relate to the non-lawyer Debtor's ownership and operation of Synergy Law LLC.[1]

3. The Trustee has conducted a site inspection of the Debtor's real property located at 13159 Lakehill Drive, Nokesville, Virginia 20181 (the "Property"). The Property has significant equity and may be liquidated to provide a meaningful distribution to creditors. However, the Trustee is concerned that the current condition of the Property and the Debtor's continued possession thereof is detrimental to his sale and marketing efforts.

4. The Trustee is also in the process of investigating the operations of the other entities owned by the Debtor: Synergy Consulting, Synergy Attorney Services, Synergy Catering LLC, and Themis Law PLLC. While this investigation is ongoing, the Trustee is concerned that the continued operation of these entities exposes the Debtor's estate to the risk of additional liability. For example, the Debtor revealed at the Section 341 meeting of creditors that he is paying himself $4,000.00 per month on a 1099 contract basis from the operations of Themis Law

---

[1] The Debtor is a 90% owner of each of these entities. Synergy Law LLC is a debtor in a chapter 7 proceeding in the United States Bankruptcy Court for the District of Columbia.

PLLC, but it appears that the Debtor may be more properly classified as an employee of Themis Law PLLC. In addition, Themis Law PLLC appears to have many of the same faults that led to the bankruptcy filing of Synergy Law LLC. Themis Law PLLC continues to employ a disbarred lawyer, Jeffrey Sherman as compliance officer. While the Debtor testified at the Section 341 meeting that Mr. Sherman's duties are limited to non-legal functions, the Trustee is concerned that some of Mr. Sherman's activities might be considered the practice of law.

5.    Finally, the Trustee has reviewed the Debtor's exemptions and believes that many of the exemptions are not only improper but asserted in bad faith. For example, the Debtor has attempted to utilize the tools of the trade exemption in Va. Code Ann. § 34-26(7) to exempt assets that are completely unrelated to the legal services business that he operates such as: a king sleigh bed, a mahogany inlaid 7 drawer dresser, a mahogany inlaid armoire, mahogany inlaid sleigh bed brass claws, a massage chair, two ottomans, a Samsung fridge, a signature queen bed/headboard/frame, a small wine refrigerator glass door, a solid oak dining table with 6 chairs & leaf, stone benches, a Thomasville Coffee table, Thomasville wooden end tables, swivel bar stools and chairs, a TV cabinet, five televisions, a lat pull-down machine, a rowing machine, assorted weights, garden tools and a John Deer mower. The Trustee believes that no good faith basis exists to assert the tools of the trade exemption with respect to these items and will be filing an objection.[2]

WHEREFORE, the Trustee respectfully requests that the Court deny the Motion to Reconsider and grant such other relief as is just and proper.

---

[2] In addition, the Trustee will object to the Debtor objections under Va. Code Ann. § 34-26(2) as the Debtor has not provided evidence that such property has been "transferred from an ancestor to a descendant with the intention that it remain in the family." *In re Pullman*, 317 B.R. 324, 326 (Bankr. E.D. Va. 2004).

3

        Respectfully submitted,

        H. JASON GOLD, TRUSTEE

        By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW / Suite 900
Washington, DC  20001
Tel: 202.689.2800
Fax: 202.689.2860
Email:  jason.gold@nelsonmullins.com
    dylan.trache@nelsonmullins.com


By: /s/ Dylan G. Trache
   H. Jason Gold, Va. Bar No. 19117
   Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Chapter 7 Trustee*


## CERTIFICATE OF SERVICE

 HEREBY CERTIFY that on this 16th day of March 2021, the foregoing was served by first class mail, postage prepaid, to:

    Office of the United States Trustee
    1725 Duke Street, Suite 650
    Alexandria, VA  22314

    Steven H. Greenfeld
    Cohen Baldinger & Greenfeld, LLC
    2600 Tower Oaks Blvd.
    Suite 290
    Rockville, MD 20852

    John D. Burns
    The Burns Law Firm, LLC
    6303 Ivy Lane
    Suite 102
    Greenbelt, MD 20770


        /s/ Dylan G. Trache
        Dylan G. Trache

4844-4359-2928