**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DAVID MICHAEL MARESCA | ) | Case No.20-11483-khk |
| | ) | (Chapter 7) (converted from Chapter 11) |
| Debtor | ) | |
| | ) | |

**RESPONSE TO MOTION TO COMPEL TURNOVER OF ESTATE PROPERTY**
**13159 LAKEHILL DRIVE, NOKESVILLE, VIRGINIA**

DAVID MICHAEL MARESCA (the "Debtor"), by and through counsel John D. Burns, Esquire, and Steve Greenfeld, Esquire, hereby files this Response to Motion to Compel Turnover of Estate Property 13159 Lakehill Drive, Nokesville, Virginia (the "Response"), and states as follows:

**FACTUAL STATEMENT:**

On or about June 19, 2020 (the "Petition Date"), the Debtor filed the present case under Chapter 11 of the Bankruptcy Code. On or about February 2, 2021, the Bankruptcy Court entered an Order converting this case to a proceeding under Chapter 7 of the Bankruptcy Code.

The Debtor has an exempt interest in the property situate at 13159 Lakehill Drive, Nokesville, Virginia (the "Property") [Dkt. 156; p.2] which was previously claimed pre-

John D. Burns, Esq.  Md. Bar No. 22777 (Admitted Pro Hac Vice)
The Burns Law Firm, LLC
6303 Ivy Lane, Suite 102
Greenbelt, MD  20770
(301) 441-8780

Steven H. Greenfeld, Esq. (#30332)
Cohen, Baldinger and Greenfeld, LLC
2600 Tower Oaks Blvd., Suite 290
Rockville, MD  20852
(301) 881-8300

Co-counsel for Debtor, David Michael Maresca

conversion and was not objected to by the Trustee.  There is meaningful equity in the Property, some of which may exceed any allowed claims herein that will result from the administration of this Chapter 7 case.  The Debtor has a real stake and capacity in this Property and the present Motion before the Bankruptcy Court.

The Debtor resides in the Property with others including his fiancée, her mother, and two children thus a total household of six.  The Debtor has cancer and is being treated in chemotherapy at a nearby medical center to the Property.  The Debtor maintains the Property in good condition.  The Debtor has paid every mortgage installment post-conversion on the Property, thus there is adequate protection to the Trustee by no diminishment in equity for accruing arrears on the mortgage.

Any averments by the Trustee by and through the testimony of the realtor; namely, Stephen Karbelk, that the Property is in less than pristine condition will be refuted by photos and testimony of the Debtor at the hearing on this Motion.  The suggestion that the Property is not in "showable" condition is inaccurate.  Moreover, the Debtor has had no objection to showings of the Property since the filing of the Turnover Motion; however, despite the retention and approval of the realtor by the Trustee and Bankruptcy Court respectively, no such showings have been scheduled or conducted by the Trustee.

The Debtor's fiancée, Rachel Garibaldi, is looking to finance her equity in self-owned properties to create an equity buy-out for the Trustee in the Property.  The Debtor understands that the Trustee, Jason Gold, has an obligation to monetize the equity in the Property.  The Debtor requests one hundred twenty days (120) in the Property prior to moving out if the Property is to be sold (to August 31, 2021), and alternatively to raise the necessary funds from his fiancée for the Trustee and the estate to purchase the anticipated equity level in

the Property and thereby to avoid a sale of the Property. An affidavit from the Debtor is annexed hereto containing these facts and others as *Exhibit A*. There is serious impracticability impeding any turn over prior to August 31, 2021 given the Debtor's family, health conditions, and need to procure local replacement housing. The Debtor has commenced reviewing housing options in the area so that his medical treatments can continue uninterrupted by a change in facility, and it has been challenging for the Debtor to find such housing.

### DISCUSSION:

The Trustee has filed a Motion to Compel Turnover of Estate Property 13159 Lakehill Drive, Nokesville, Virginia (the "Motion") [Dkt. 141]. Therein, the Trustee avers that (i) the Debtor should be required to surrender occupancy of the Property by May 31, 2021 in broom clean condition with all keys and remotes; (ii) the Property has at least $230,000.00 in equity; and (iii) the realtors involved want to show the Property in vacant status based on their personal preferences.

For this relief, the Trustee cites to 11 U.S.C. § 542(a) and other provisions related to a Debtor's duty to cooperate with a Chapter 7 Trustee in the case.

Section 542(a) of Title 11 provides that:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a) (2020)

The burden of proof for the Trustee is clear and convincing evidence. *See, In re Lawrence*, 251 B.R. 630, 639 (S.D. Fla. 2000). *Cf*, *In re Alofs Manufacturing Company,* 209 B.R. 83, 89-91 (Bankr.W.D.Mich.1997).

There is no stated date or time frame within Title 11 or the Federal Rules of Bankruptcy Procedure for a debtor to turnover property of the estate to the Trustee. What is required is that the Trustee must demonstrate to the Bankruptcy Court that the asset was "in the possession or under control [of the Debtor] at the time of the bankruptcy, but also that [the Debtor] *had the ability at the time of the Turn Over Order to comply* by turning over the [property]." *Lawrence*, 251 B.R. at 643 (emphasis supplied), citing to *Maggio v. Zeitz*, 333 U.S. 56, 65 (1948).

Although speaking to the "requisite power" to turn over the asset principally concerning legal notions of possession and capacity to turn over the asset, the larger issue here from the foregoing authorities is whether the Debtor has the ability to depart the Property by May 31, 2021 with a family of six and cancer and the need to raise equity funds for the Trustee, or whether such acts would be temporarily impracticable. The Debtor would reason for the factual bases stated herein and by his affidavit that he does not have such ability. The Debtor needs until August 31, 2021 to do so and vacate if he has not caused the purchase of the equity in the asset from the Trustee by and through his fiancée by that time.

The importance of a timely defense to a turnover action is evidenced by the comments of the below cited Bankruptcy Court for the Western District of Virginia, quoting *Lawrence*, *supra*, which in turn, quoted *Maggio*, stated:

> It is important for the court to consider the whole record and to exercise reason and sound judgment, '*mindful that the [turnover] order should issue only as a responsible and final adjudication of possession and ability to deliver, not as a questionable experiment*

> *in coercion which will recoil to the discredit of the judicial process if time proves the adjudication to have been improvident and requires the court to abandon its enforcement*.'

*In re Gentry*, 275 B.R. 747, 752 (Bankr. W.D. Va. 2001), *quoting Maggio*, 333 U.S. at 67.

The Debtor's required time to demonstrate impracticability of performance in respect of a forthcoming turnover order is now, at the time of the answer and defense. And the Debtor has done so as to temporary impossibility concerning his family circumstances. The Debtor is willing to comply with the turn over requirement by the Trustee by August 31, 2021, to the extent an equity buy out is not accepted by that date, or a further date which may be agreeable to the Trustee.

Finally, the Bankruptcy Court herein should find the Trustee's interest adequately protected by the Debtor's continued payment of the mortgage obligation post-conversion, such that there is no harm to the estate in awaiting Debtor's departure by August 31, 2021. And showings may commence immediately of the Property should the Trustee so desire.

The principles of adequate protection enuring to the benefit of and protection of the Trustee herein are germane and apply. *See*, 11 U.S.C. § 361(1). The Debtor has no objection to an order or direction requiring "periodic cash payments" in the form of regular mortgage payments as and when due to the mortgagee on the Property. Or other relief, which will "result in the realization by such entity of the indubitable equivalent of such entity's interest in such property." *See*, 11 U.S.C. § 361(3).

The mortgage payments monthly will maintain the balance and status quo between the Trustee and Debtor relative to the Property until either the Debtor's departure with family (and dogs) by August 31, 2021, or until such time as an equity buyout is finalized with the Trustee, at a time agreeable to the Trustee.

WHEREFORE, for the foregoing reasons, the Debtor respectfully requests the Trustee's Motion be DENIED at this time and that such other and further relief be granted to the Debtor herein.

Respectfully submitted this 21st day of April 2021.

-------/S/ John D. Burns -------
_____
John D. Burns, Esq. (#MD U.S.D.C. 22777, Admitted Pro Hac Vice)
The Burns Law Firm, LLC
6303 Ivy Lane, Suite 102
Greenbelt, MD  20770
(301) 441-8780
*info@burnsbankruptccyfirm.com*
Co- Counsel for the Debtor

--------/S/ Steven H. Greenfeld--------
_____
Steven H. Greenfeld, Esquire (#VA.30332)
2600 Tower Oaks Blvd..  STE 290
Rockville, MD  20852
Local Counsel to Debtor
(301) 881-8300
*steveng@cohenbaldinger.com*
Co-Counsel for the Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of April, 2021, a copy of the foregoing Response was served via electronic noticing through the Court's ECF system to the following parties:

Steven H. Greenfeld, Esquire
2600 Tower Oaks Blvd..  STE 290
Rockville, MD  20852

Michael T. Freeman, Esquire
Assistant United States Trustee
Office of the United States Trustee
1725 Duke Street; STE 650
Alexandria, VA  22314

Dylan C. Trache, Esquire
Nelson, Mullins, Riley & Scarborough, LLP
101 Constitution Avenue, NW; STE 900
Washington DC  20001

                                                /s/ John D. Burns
                                                John D. Burns, Esq.